## THE STATE OF NEVADA, Respondent, *v.* JAMES D. KENNEDY, Appellant.

Criminal Law — Charge assuming Proof of Material Facts.   Where in a murder case the court instructed the jury that, ".In order to make a killing under such circumstances as has been proven justifiable homicide, it must appear that the party killing had retreated as far as he safely could at the time, and in good faith declined all further contest, and was compelled to kill his adversary in order to save himself from death or great bodily harm, which to a reasonable man would appear imminent":   *Held*, that this was substantially saying to the jury that defendant was guilty either of murder or manslaughter, provided they were satisfied he did not retreat to the wall before he killed deceased — thus assuming the proof of all the other material and essential facts—and was clearly error.

Justifiable Homicide — Retreat not Necessary after Threats and Hostile Demonstrations.   Where on a murder trial it appeared that deceased had beaten defendant in a brutal manner, and when compelled by third persons to

desist, had in the hearing of defendant asked for a pistol, and said he would shoot him on sight; and that when they next met, deceased, without being assailed rushed at defendant with hostile demonstrations: *Held*, that if the demonstrations were such as to justify the belief that the deceased intended to carry out his threat, defendant would be justified in killing him without retreating.

APPEAL from the District Court of the Seventh Judicial District, Lincoln County.

The defendant was indicted for the murder of John Keeland, alleged to have been committed on February 15th, 1871, at the town of Pioche. He was convicted of the crime of murder in the second degree, and sentenced to imprisonment at hard labor in the State prison for the term of fifteen years. A motion for new trial having been overruled, he took this appeal.

*Ellis & King*, for Appellant.

The instruction given by the court to the jury was `error. It assumed the killing of deceased by defendant, which was in issue. It assumed the proof, or establishment in evidence, of the circumstances of the case. It assumed the conclusive establishment, by the evidence, of such a state of facts that, without the establishment of a certain stated explanatory state of facts, the jury could not find a less offense than murder. It was calculated to mislead the jury, inasmuch as it amounted to saying that the circumstances proven, in the opinion of the court, required a verdict of murder, unless the jury considered certain other and modifying circumstances as proven, in which case the verdict might be justifiable homicide or acquittal; shutting out consideration of the lesser offense of manslaughter. See also *State* v. *McGinnis*, 5 Nev. 337; *State* v. *Anderson*, 4 Nev. 265; *Caldwell* v. *Center*, 30 Cal. 539; *People* v. *Williams*, 17 Cal. 142; *State* v. *Duffy*, 6 Nev. 138.

*L. A. Buckner*, Attorney-General, for Respondent.

The instruction objected to as erroneous, if read alone, would seem to be amenable to the objection; but when taken in connection with the fourth instruction, the objection vanishes. It is there said: "If it

has been proven to the satisfaction of the jury that a man has. been killed, and that man has been proven to be the one which it is charged in the indictment that the defendant killed, it matters not, provided the jury believe the defendant did the killing, whether it was proven that 'Jack Keeland' or John Keeland was killed." The charge of the court must be taken as a unit.

By the Court, LEWIS, C. J.:

The jury in this case were instructed that, " In order to make a killing, *under such circumstances as have been proven,* justifiable homicide, it must appear that the party killing had retreated as far as he safely could at the time, and in good faith declined all further contest; and was compelled to kill his adversary in order to save himself from death or great bodily harm, which to a reasonable man would appear imminent." This instruction clearly assumes the proof of material facts, leaving but one question to be determined by the jury, namely: whether the defendant had retreated as far as he safely could, before he killed the deceased. The "circumstances proven," as it is stated by the court, rendered him clearly guilty of a crime, provided the jury did not find the one fact—that he retreated as far as he safely could—in his favor. This was substantially saying to the jury that the defendant was guilty, either of murder or manslaughter, provided they were satisfied he did not retreat to the wall before he killed the deceased, thus assuming the proof of all the other material and essential facts.

The evidence shows that, a short time before the killing, the deceased had beaten the defendant in a brutal manner, and when compelled to desist by the interference of third parties, asked, in the hearing of the defendant, for a pistol; and said that he would shoot him, the defendant, "on sight." There is also some slight evidence that, ten or fifteen minutes afterwards, when the parties met, the deceased rushed at the defendant in a hostile manner, when the scuffle which resulted in the death of deceased occurred. If it be true that the threat was made by the deceased to kill defendant the first time he saw him, and when they next met he rushed at him with hostile demonstrations, the defendant (if not the assail-

ant) would not be compelled to retreat, but if the demonstrations were such as to justify the belief that the deceased intended to carry out his threat, the defendant would be justified in killing him without retreating. Roscoe's Crim. Evidence, 765. But this instruction ignores all these circumstances of the case, and assumes that there was no ground of justification to the defendant except that of having retreated as far as he safely could.

Judgment reversed.